IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                  Case No.: 19-CR-1623

JEREMY TAPIA,

    Defendant.

## MEMORANDUM AND ORDER DENYING EMERGENCY MOTION FOR FURLOUGH

THIS MATTER is before the Court on Defendant Jeremy Tapia's Sealed[1] Opposed Emergency Motion for Furlough (Doc. 84) seeking temporary release to receive a COVID-19 vaccine on February 24, 2021. For the reasons set forth in this Memorandum and Order, Defendant fails to demonstrate that he is not a danger to the community, or that "exceptional reasons" exist to justify release under 18 U.S.C. § 3145(c) and 18 U.S.C. § 3143(a). *See United States v. Espino*, 2020 WL 6384247, at *1 (D.N.M. 2020). Accordingly, Defendant's Emergency Motion for Furlough is hereby **DENIED**.

## BACKGROUND

On June 12, 2019, a federal grand jury returned an indictment charging Defendant with five counts of aggravated sexual abuse. Doc. 1, 2. Magistrate Judge Briones accordingly ordered Defendant detained pending trial as a flight risk and a danger to the community. Doc. 12. Defendant moved for release or reconsideration on three separate occasions following his

---

[1] The Court agrees with the United States that there's no reason for the pleadings relating to this motion for furlough to be sealed.

detention order, all three of which were denied because nothing had changed to make Defendant any less of a danger to the community and his alleged COVID-19 concerns were unpersuasive. *See* Doc. 28; Doc 33 at 5-11; Doc. 36 at 3; Doc. 37; Doc. 44. On September 21, 2020, Senior United States District Judge James A. Parker held a change of plea hearing at which Defendant pled guilty to one count of aggravated sexual abuse. Doc. 77. Judge Parker accepted the plea of guilty and deferred acceptance of the plea agreement until sentencing. Doc. 77. As set forth in the plea agreement, the parties agree to a 7-year term of incarceration. Doc. 78. Sentencing in this matter is scheduled for March 26, 2021. Doc. 81.

## DISCUSSION

Defendant motions the Court for emergency furlough on the grounds that he recently signed up for a COVID-19 vaccine and has an appointment on Wednesday, Feb. 24th. Doc. 84 at 5. Like many defendants, Defendant claims that COVID-19 is a sufficient "extraordinary circumstance," as Defendant is an American Indian and thereby has "a higher risk of serious complications." *Id*. Defendant further contends that while the New Mexico Corrections Department "is vaccinating staff and incarcerated individuals under the guidance of the (NMDOH)," such measures are insufficient to guarantee his protection from the virus. *Id*. at 6. Defendant makes no assertions as to his potential danger to the community.

Under the Tenth Circuit's present interpretation of § 3145(c), Defendant is required to show, (1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person of the community if released under § 3143(a)(1), and (2) that exceptional circumstances make his detention inappropriate. *See U.S. v. Kinslow*, 105 F.3d 555 at 557 (10th Cir. 1997). As the Court has stated, "fear of COVID-19" is not enough to satisfy the cumulative "exceptional reason" requirements of §§ 3143 and 3145(c). *Espino*, 2020 WL, at *1.

First, Defendant is a danger to the community, as his motion does nothing to undermine the previous findings by Judge Parker that no condition or combination of conditions would assure the safety of the community if Defendant was released, *see* Doc. 44, and the conduct underlying his present incarceration was violent, aggravated sexual abuse. The Pretrial Services Report prepared for this litigation also notes Defendant's previous charges and convictions for breaking and entering, second degree murder, domestic violence and battery. Doc. 79 at 11-15. Defendant's inability to rebut previous findings as to his risk of danger is enough on its own for the Court to deny the motion.

Second, Defendant has not shown "exceptional reasons" for his release. Notwithstanding that Defendant is neither elderly nor unhealthy, *see* Doc. 79 at 3, concerns over possible COVID-19 infections are not sufficient to meet the requirements of § 3145(c). *See U.S. v. Kinslow*, 105 F.3d at 557; *see also United States v. Eberhart,* 2020 WL 1450745, 2 (N.D. Cal. Mar. 25, 2020). Defendant's potential exposure to COVID-19, as well as his fear that he is particularly susceptible to the harmful effects of COVID-19, is not extraordinary here; countless similarly situated inmates and prisoners, many of whom have known or unknown sensitivities to COVID-19's potentially harmful effects, are forced to endure the same exposure potential. *See United States v. Martin*, 2020 WL 1274857, 2–3 (D. Md. Mar. 17, 2020) (declining defendant's motion for release when defendant had health conditions making him particularly sensitive to COVID-19); *see also United States v. Jai Montreal Winchester*, 2020 WL 1515683, 12 (M.D.N.C. Mar. 30, 2020) (declining to release a defendant presentence because his arguments "applie[d] equally to every detainee in detention" and were merely attempts to use the "current public health crisis as an opportunity to obtain . . . release by substituting conjecture, hyperbole, misstate for reasoning"). Additionally, the Government contends that the United States Marshal Service at some point in the future will be

administering vaccines to detainees in compliance with the New Mexico Department of Health's directives. Doc. 85 at 5. Denying the subject motion will not diminish Defendant's ability to obtain the vaccine in the future, and nothing in the motion sufficiently demonstrates that Defendant has an urgent need for it now beyond speculative claims of broad, racial predisposition.

Accordingly, the Court defers to the unrebutted findings it has already made as to Defendant's eligibility for release, and finds here that given the violent conduct underlying this case, Defendant's extensive criminal history, and a lack of exceptional circumstances, Defendant is not an appropriate candidate for furlough, however short. Defendant's Emergency Motion for Furlough is hereby **DENIED**.

Finally, the Clerk of Court is hereby directed to "unseal" Defendant's Motion for Emergency Furlough (Doc. 84).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE